IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LARRY M. SEXTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 07-539-GMS |
| | ) |
| STATE OF DELAWARE and HOWARD | ) |
| R. YOUNG CORRECTIONAL | ) |
| INSTITUTION, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

The plaintiff, Larry M. Sexton ("Sexton"), an inmate at the Howard R. Young Correctional Institution ("HYRCI"), Wilmington, Delaware, filed this civil rights action pursuant to 42 U.S.C. § 1983. He appears *pro se* and was granted *in forma pauperis* status pursuant to 28 U.S.C. § 1915. (D.I. 5.)

For the reasons discussed below, the court will dismiss without prejudice the complaint as frivolous and for failure to state a claim upon which relief may be granted as the defendants are immune from suit pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

**I. BACKGROUND**

Sexton alleges that, for a nine day period, he was subjected barbaric living conditions at the HRYCI. He alleges the air/ventilation/exhaust was turned off, his cell was damp and mildewed, there was no water for a twenty-four hour period, he slept on the floor next to a toilet, and that the conditions of confinement violated his Eighth Amendment rights. (D.I. 2.) Named as the defendants are the State of Delaware and the HYRCI. Sexton seeks compensatory damages in the sum of $500,000.

## II. STANDARD OF REVIEW

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." *Deutsch v. United States*, 67 F.3d 1080, 1083 (3d Cir. 1995).

In performing the court's screening function under § 1915(e)(2)(B), the court applies the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Fullman v. Pennsylvania Dep't of Corr.*, No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007) (citing *Weiss v. Cooley*, 230 F.3d 1027, 1029 (7th Cir. 2000). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff. *Erickson v. Pardus*, –U.S.–, 127 S.Ct. 2197, 2200 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). Additionally, a complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, –U.S.–, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). A complaint does not need detailed factual allegations, however "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of

the elements of a cause of action will not do." *Id.* at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted). Because Sexton proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, –U.S.–, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

### III. ANALYSIS

Sexton names the State of Delaware and the HRYCI as the defendants in this action. They are both immune from suit.

The Eleventh Amendment shields states from suits by individuals absent their consent. *Seminole Tribe of Fla. v. Florida,* 517 U.S. 44, 54 (1996). "Absent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court that names the state as a defendant." *Laskaris v. Thornburgh,* 661 F.2d 23, 25 (3d Cir. 1981) (citing *Alabama v. Pugh,* 438 U.S. 781 (1978)). The State of Delaware has not waived its sovereign immunity under the Eleventh Amendment. *See Ospina v. Dep't of Corr.,* 749 F. Supp. 572, 579 (D. Del. 1991).

The HYRCI falls under the umbrella of the Delaware Department of Correction, an agency of the State of Delaware. The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the kind of relief sought. *Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 100 (1984). Moreover, state correctional institutions are arms of the state and not persons subject to liability under § 1983. *See Green v. Howard R. Young Corr. Inst.,* 229 F.R.D. 99, 102 (D. Del. 2005).

Accordingly, the defendants are entitled to immunity under the Eleventh Amendment and the court will dismiss the claims against them.

## IV. CONCLUSION

Based upon the foregoing analysis, the complaint will be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Amendment of the complaint would be futile. *See Alston v. Parker*, 363 F.3d 229 (3d Cir. 2004); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d Cir. 1976). An appropriate order will be entered.

                                                                                                     /s/
                                                                         CHIEF, UNITED STATES DISTRICT JUDGE

Nov. 16, 2007
Wilmington, Delaware

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LARRY M. SEXTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 07-539-GMS |
| | ) |
| STATE OF DELAWARE and HOWARD | ) |
| R. YOUNG CORRECTIONAL | ) |
| INSTITUTION, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

At Wilmington this 16th day of Nov., 2007, IT IS HEREBY ORDERED for the reasons set forth in the Memorandum issued this date, the complaint is dismissed as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B). Amendment of the complaint would be futile.

_____
CHIEF, UNITED STATES DISTRICT JUDGE

FILED

NOV 26 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE